OPINION
{¶ 1} Crystal Arrone, pro se, is appealing from the decision of the Montgomery County Court of Appeals overruling her motion to withdraw her guilty pleas which she had entered on September 6, 1996, to a charge of attempted aggravated murder and another charge of aggravated robbery. She was duly sentenced, and she did not file a direct appeal from those convictions or sentences.
 {¶ 2} Beginning the following year, however, she began to file a series of petitions for post conviction relief for a new trial, and for withdrawal of her guilty pleas. The post conviction was dismissed as untimely, and the trial court overruled her motions. In the following years, she attempted to file delayed appeals, all of which were overruled. Her motion currently under review was filed in 2003 as another motion to withdraw her guilty pleas, which the trial court overruled, and that is now the present appeal.
 {¶ 3} On her appeal, she raises the following three assignments of error:
 {¶ 4} "1. The trial court's denial of appellant's motion to withdraw the plea of guilty amounts to an abuse of discretion where she pled guilty and the court, the assistant county prosecutor, defense counsel and she mistakenly believed that said offenses was [sic] probational.
 {¶ 5} "2. The trial court's denial of appellant's motion to withdraw the plea of guilty amounts to an abuse of discretion where the record [waiver and plea forms] proves the trial court accepted the guilty plea's [sic] and failed to determine whether appellant made a knowing and voluntary waiver with an understanding of the nature of the charges against her.
 {¶ 6} "3. The trial court's denial of appellant's motion to withdraw the plea of guilty amounts to an abuse of discretion where the record [waiver and plea forms] fails in substance to explain that she made a knowing and intelligent waiver of her right to confrontation and her right to remain silent."
 {¶ 7} The appellee, in its opposing brief, points out that all three of these assignments of error were or should have been raised during her previous post conviction petitions. Furthermore, her second and third assignments of error are based on the record and, therefore, should have been raised in a direct appeal, which she did not do. In addition, the State points out that her argument in her first assignment of error that she mistakenly believed the offenses were probational are simply not true because they are probational. Whether or not she actually received probation is another matter and not before us.
 {¶ 8} In her pro se reply brief, Ms. Arrone raises the novel argument that the trial court's improper acceptance of her guilty pleas is actually void and, therefore, can be attacked at anytime, citing a 1975 case from the Cuyahoga County Court of Appeals where the word "void" appeared in the text of the decision. We note, however, that the word "void" did not appear in the syllabus of the case by the court, and the court in that case is simply finding that the acceptance of the guilty plea by the trial court failed the test of Crim.R. 11(C)(2), which requires a full explanation by the trial court in direct dialogue with the defendant of the rights he is giving up, etc. The real distinction is between judgments that are void ab initio and judgments that are merely voidable by subsequent action by a superior court, as pointed out and explained in another case she has cited, Rondy v. Rondy (1983), 13 Ohio App.3d 19. A case where there is no service of process leaves the court without jurisdiction to render judgment and, therefore, is void ab initio as violating due process. Id., 22.
 {¶ 9} Further, the trial court in the present case had jurisdiction to accept her guilty pleas. This judgment was not void ab initio, but merely subject to attack on a direct appeal or a petition for post conviction relief. Thus, res judicata applies.
 {¶ 10} Ms. Arrone's three assignments of error are overruled, and the judgment is affirmed.
Brogan, J. and Grady, J., concur.